STATE OF MAINE                                      UNIFIED CRIMINAL COURT
ANDROSCOGGIN, ss                                    DOCKET NO. CD-CR-20-967

State of Maine,                        )
                                       )
        *Plaintiff,*                   )
                                       )
v.                                     )            **Order on Motion to Suppress**
                                       )
Destiny Sliker,                        )
                                       )
        *Defendant.*                   )

This matter came before the court for hearing on November 2, 2020 on Defendant's

motion to suppress statements. DA Andrew Robinson was present for the State, and Defendant

was present with her attorney, George Hess, Esq. After hearing and upon consideration of the

evidence, the court finds and orders as follows.

On April 29, 2020, at approximately 6:30 in the evening, Defendant was driven to the

Lewiston police station by her intimate partner. He went inside, and she remained in the

passenger seat of the vehicle, parked in front of the station. Corporal Beauparlant was out in his

cruiser and dispatched back to the station because of a complaint of a domestic assault. When he

arrived he saw Defendant in the car and had a brief conversation with her. He then went inside

the station where he spoke with the alleged victim in the lobby. The alleged victim related that

Defendant had assaulted him while they were driving. Corporal Beauparlant saw a red mark on

the alleged victim consistent with the reported assault.

Corporal Beauparlant then went back outside and approached Defendant where she sat in

the car. The window was down although he could not recall whether the door was also open. He

proceeded to ask her some questions about the assault and her relationship with the alleged

victim. After several minutes of questions, he asked her to step out of the vehicle and formally

placed her under arrest and in handcuffs. He never gave Defendant any *Miranda* warnings. He

1

did not question her after she was formally arrested, and there are no statements Defendant asks to exclude after that point.

At the start of the hearing, Defendant withdrew the motion to suppress to the extent it was based on voluntariness, and pressed only the issue whether the statements Defendant made while in the vehicle were the product of custodial interrogation.

The State has the burden of proving Defendant was not in custody for *Miranda* purposes by a preponderance of the evidence. *State v. Prescott*, 2012 ME 96 ¶ 10. The issue is whether a reasonable person in the position of the defendant would have felt she was at liberty to terminate the interrogation and leave. *Id.* The test is an objective one, taking into account the totality of the circumstances. *Id.* The Law Court has identified a number of factors to weigh in the analysis of whether a person is in custody for Fifth Amendment purposes, including

(1) the locale where the defendant made the statements;

(2) the party who initiated the contact;

(3) the existence or non-existence of probable cause to arrest (to the extent communicated to the defendant);

(4) subjective views, beliefs, or intent that the police manifested to the defendant to the extent they would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;

(5) subjective views or beliefs that the defendant manifested to the police, to the extent the officer's response would affect how a reasonable person in the defendant's position would perceive his or her freedom to leave;

(6) the focus of the investigation (as a reasonable person in the defendant's position would perceive it);

(7) whether the suspect was questioned in familiar surroundings;

(8) the number of law enforcement officers present;

(9) the degree of physical restraint placed upon the suspect; and

(10) the duration and character of the interrogation.

*State v. Dion*, 2007 ME 87, ¶ 23, 928 A.2d 746, quoted in *Prescott* at ¶ 11, 48 A.3d at 222.

In this case, Defendant was in her partner's car outside the police station when the officer approached her. This was a familiar setting to her, and she had chosen to remain in the car while the alleged victim was inside. On the other hand, it is unknown whether she had access to the keys. The officer had probable cause to arrest her based solely on the alleged victim's statements and the officer's observations of him, and was focused on her at that time. On the other hand, the officer was alone, and there was no physical restraint. Most importantly, the interrogation was fairly brief. There was nothing about the encounter that would make a reasonable person in the position of the defendant feel she was not at liberty to terminate the interrogation and leave if she chose.

Indeed, a person may be detained for purposes of investigation without being under arrest or "in custody" for *Miranda* purposes. *State v. Bragg*, 2012 ME 102 ¶ 9.

> "To qualify as a mere Terry stop, a detention must be limited in scope and executed through the least restrictive means." *Donatelli*, 2010 ME 43, ¶ 12, 995 A.2d 238 (quotation marks omitted). Brief investigatory detentions are justified when they are based on "specific and articulable facts" . . . . As we said in *State v. Gulick*, 2000 ME 170, ¶ 10 n.4, 759 A.2d 1085, "[a] brief restriction on a citizen's right to walk (or drive) away is usually referred to as a detention or a stop in order to distinguish the more limited restriction from a restriction commensurate with arrest."

*Bragg*, 2012 ME 102 ¶ 10. In *Bragg*, an officer found the defendant at the scene of a motor vehicle crash. He asked the defendant to sit in the cruiser where he asked her questions and, based on his interaction with her, ultimately arrested her. The court found that the Defendant was not in custody when interrogated for a fairly short time. Here, Defendant was in the vehicle of a person with whom she lived and in which she arrived. Although Corporal Beauparlant may

3

have had probable cause to arrest when he questioned her, nonetheless the questioning was no more intrusive than it was in *Bragg*.

In short, the court does not find Defendant was in custody for purposes of Miranda when she was questioned, and the motion to suppress is denied. This order may be incorporated on the docket of the case by reference.

Dated: 11/2/2020

Valerie Stanfill
Justice, Maine Superior Court

4